**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 00-6090

BERNARD MONTGOMERY SANDERLIN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-97-61, CA-98-1074-2)

Submitted: July 20, 2000

Decided: August 1, 2000

Before MURNAGHAN and MICHAEL, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Bernard Montgomery Sanderlin, Appellant Pro Se. Janet S. Reincke,
OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Bernard Montgomery Sanderlin appeals from a district court order that dismissed his October 15, 1999 motion to reopen the time period within which to file a notice of appeal from the court's April 19, 1999 denial of relief under 28 U.S.C.A. § 2255 (West 2000). The court also denied Sanderlin's request for a certificate of appealability. We deny a certificate of appealability and dismiss the appeal.

A motion to reopen the appeal period under Fed. R. App. P. 4(a)(6) must be filed either within 180 days after the court's order was entered or within seven days after the moving party receives notice of the entry, "whichever is earlier." Notice of the district court's final order was mailed to Sanderlin's attorney on April 19, 1999, and Sanderlin himself acknowledges he personally received notice of the district court's order on May 31, 1999 while in disciplinary segregation.* Thus, even if a motion to reopen the appeal period were necessary, it should have been filed by June 9, 1999 to be timely, taking May 31 as the date Sanderlin was notified of the court's final order. Sanderlin's October 15 motion therefore was untimely.

For these reasons, we deny leave to proceed in forma pauperis, deny a certificate of appealability, and dismiss. We also deny Sanderlin's motion for leave to file a late appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

_____

*We note that Sanderlin actually had until June 18, 1999 to note his appeal, see Fed. R. App. P. 4(a)(4)(B).

2